UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ANTONIO PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 2:15-cv 00028-RDP-JHE |
| ) | |
| WARDEN CHERYL PRICE and THE ) | |
| ATTORNEY GENERAL FOR THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

On June 6, 2016, the Magistrate Judge entered a Report and Recommendation (Doc. 14), recommending that the petition for writ of habeas corpus be dismissed without prejudice to allow Petitioner to petition the Eleventh Circuit Court of Appeals for authorization to file a successive petition.  Petitioner has filed a document styled, "Objection to Recommendation and Motion for Arbitration to Compel."  (Doc. 15).

Petitioner argues his petition is not a successive Section 2254 petition, but a new Section 2241 petition for a writ of habeas corpus.  (Doc. 15 at 4-5).  The court is not persuasive.  As the Magistrate Judge explained:

> A state prisoner seeking post-conviction relief from a federal court has one remedy: an application for a writ of habeas corpus. *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). All applications for habeas relief are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. *Id.* Most state prisoners' applications for writs of habeas corpus are also subject to the additional restrictions of § 2254, including the requirement regarding successive petitions. *Id.* If a state prisoner is "in custody pursuant to the judgment of a State court," the petition is subject to the requirements of § 2254. *Id.* If a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254. Because Phillips is "in custody pursuant to the judgment of a

>   State court" and challenging the validity of his conviction and sentence, he is
>   subject to the requirements of § 2254, regardless of how he styles his petition.

(Doc. 14 at 2-3).  Furthermore, not only could Petitioner have raised this claim in his prior habeas petition, he actually raised it, and the District Court for the Middle District of Alabama denied his petition with prejudice. (*Phillips v. Price, et al.*, 3:12-cv-00234-WHA-WC (M.D. Ala), Doc. 1 at 7 & 32); 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

Because the court lacks jurisdiction to consider the successive petition, Petitioner's motion to compel, (Doc. 12), motion for evidentiary hearing, (Doc. 13) and "motion for arbitration to compel," (Doc. 15), are **DENIED**.

The court has considered the entire file in this action, together with the Report and Recommendation, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge as the findings and conclusions of this court.  The petition for writ of habeas corpus is due to be dismissed without prejudice.  A separate Order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Petitioner's claims do not satisfy either standard.

    **DONE** and **ORDERED** this June 20, 2016.

                                        **R. DAVID PROCTOR**
                                        UNITED STATES DISTRICT JUDGE